UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 11 CR 912 (JFK)

ERIC BOOTHE,

Defendant.

------------------------------x

New York, N.Y.
September 10, 2020
11:15 a.m.

Before:

HON. JOHN F. KEENAN,

District Judge

APPEARANCES

AUDREY STRAUSS
Acting United States Attorney for the Southern District of New York
THOMAS BURNETT
Assistant United States Attorney

MEREDITH HELLER
Attorney for Defendant

ALSO PRESENT: SANDRA OSMAN, U.S. Probation Officer

(Case called)

THE COURT: Good morning, everyone, you may all be seated.

This is in the United States of America against Eric Boothe, and Mr. Burnett is here for the government and we have somebody, I take it, from probation, Ms. Osman, is that right?

MS. OSMAN: Yes, your Honor.

THE COURT: And Ms. Heller is here for the defense. Good morning, Ms. Heller.

MS. HELLER: Good morning, your Honor.

THE COURT: And Mr. Boothe is present. Good morning, to you.

What's your pleasure?

MR. BURNETT: Your Honor, we're here for a plea to the first of two specifications that Mr. Boothe has been charged with, and a sentencing on that first specification.

THE COURT: I heard the beginning but the mask sort of camouflaged the second part of it. I heard there's a plea to two specifications, right?

MR. BURNETT: Sorry, a plea to the first of two specifications and the sentencing on that specification.

THE COURT: You want sentencing today?

MR. BURNETT: Yes, your Honor.

THE COURT: Is that agreeable to you, Ms. Heller?

MS. HELLER: Yes, your Honor.

THE COURT: All right.

DEPUTY CLERK: Do we need marshals, sir?

MR. BURNETT: No, we believe we'll be recommending time served.

THE COURT: Okay, then we don't need marshals.

Okay. Thank you. Would you rise then, Mr. Boothe, please.

Would you swear the defendant, please.

(Defendant sworn)

THE COURT: Now Mr. Boothe, what is your full name?

THE DEFENDANT: Eric Boothe, Eric Steven Lynn Boothe.

THE COURT: Okay. And is it your desire to plead guilty to Specification One of these two violations?

THE DEFENDANT: Yes, sir.

THE COURT: Is that what you want to do?

THE DEFENDANT: Yes, sir.

THE COURT: And did you discuss it with Ms. Heller before you decided to plead?

THE DEFENDANT: Yes, sir.

THE COURT: And did she explain to you that I could sentence you, and the guidelines are all the way up to four months, do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And you're entitled to a hearing on the violation, do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And if there were a hearing, it would be the government's burden to prove that you were guilty of the violation and the government would have to prove that to my satisfaction by a fair preponderance of the evidence. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Is it a fact that on or about the 24th day of December last year, in other words, Christmas Eve last year, 2019, you failed to report to the probation officer as directed?

THE DEFENDANT: Yes, sir.

THE COURT: And you knew you were supposed to report?

THE DEFENDANT: Yes, sir.

THE COURT: So you want to tell me what you want as to sentence, Ms. Heller?

MS. HELLER: Yes, your Honor, I believe the government and I have agreed to hopefully time served. Mr. Boothe's supervision was supposed to terminate in May. He has been in contact with Ms. Osman regularly and the additional time he's spent under supervision I think is sufficient for this violation. Thank you.

THE COURT: Is that correct, Mr. Burnett, did you recommend time served?

MR. BURNETT: That's correct, your Honor, the

government recommends a sentence of time served. Mr. Boothe spent a brief period in custody following his arrest on this specification and then has remained in touch with Ms. Osman while he has been on release, which I understand he's complied with the terms of. There was one positive marijuana test recently, but we don't believe that's a reason for a custodial sentence. So we believe time served and the completion of his supervised release is the proper disposition.

THE COURT: When does supervised release end, Ms. Osman?

MS. OSMAN: The question was when was it ending? May 11 of 2020 this year.

THE COURT: It ended.

MS. OSMAN: It already expired.

THE COURT: In other words, he's not on supervised release after this plea?

MR. BURNETT: That's correct, and we don't think a new term should be imposed.

THE COURT: Okay. All right. I accept the plea. And I sentence the defendant to time served because that's been agreed to by both the defense and the government and that's what they want.

Now you have gotten -- I mean I don't know whether you think that you got a break on the plea, Mr. Boothe, but it's a fact that you did get a break on the plea and you're getting a

big break now. Stay safe, will you, please? We got plenty of cases, we don't need you.

Stay out of trouble, will you please?

THE DEFENDANT: Yes, sir.

THE COURT: Okay, thank you very much. Good luck to you. Thank you.

MS. OSMAN: Thank you, your Honor.

MS. HELLER: Thank you, your Honor.

(Adjourned)